UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DIXIE MOTELS, LLC**                               **CASE NO. 6:21-CV-03022**

**VERSUS**                                          **JUDGE ROBERT R. SUMMERHAYS**

**INDEPENDENT SPECIALITY**                          **MAGISTRATE JUDGE WHITEHURST**
**INSURANCE CO.**

**RULING ON OBJECTION**

The present case involves a coverage dispute involving a surplus line insurance policy. The dispute centers on property owned by Plaintiff, Dixie Motels, LLC, that was damaged during Hurricanes Laura and Delta in 2020. Defendant, Independent Specialty Insurance Co. ("Specialty"), filed a Motion to Compel Arbitration and Stay Proceedings, or Alternatively, Compel Arbitration and Dismiss Proceedings (the "Motion to Compel Arbitration").[1] The Court referred the motion to the Magistrate Judge for Report and Recommendation ("R&R).

The arbitration clause at issue was included in a surplus line coverage policy issued by Specialty to Dixie Motels. The question raised by the Motion to Compel Arbitration is whether Louisiana R.S. 22:868(a)(2) forecloses arbitration. The Magistrate Judge issued an R&R,[2] which recommended that the Motion to Compel Arbitration be granted based on the Fifth Circuit's unpublished opinion in *Indian Harbor Ins. Co. v. Belmont Commons, LLC*.[3] In *Indian Harbor*, the Fifth Circuit held that the prohibition against arbitration clauses set forth in La. R. S. § 22:868(a)(2) does not apply to arbitration clauses in surplus line policies, due to the carve-out for surplus line policies set forth in subsection (D).[4]

---

[1] ECF No. 17.
[2] ECF No. 34.
[3] No. 23-30246, 2024 WL 962376 (5th Cir. March 6, 2024).
[4] *Id.* at 3–4.

1

However, after the R&R issued, the Fifth Circuit released a *published* decision in a different case, *S.K.A.V., LLC v. Indep. Specialty Ins. Co.*, which reaches the opposite conclusion.[5] In *S.K.A.V.*, the Fifth Circuit held that La. R.S. 22:868 voids arbitration clauses contained in surplus lines insurance policies.[6] Specialty argues that the present case is distinguishable from *S.K.A.V.*, because here, Plaintiff "failed to challenge the delegation provision" in the policy.[7] However, as noted by the Magistrate Judge, the question of delegation is secondary to the question of whether a valid arbitration agreement exists.[8] *S.K.A.V.* expressly holds that La. R.S. § 22:868 bars arbitration clauses in surplus line insurance policies, and this Court is bound by that decision.[9]

In sum, the Court adopts the recitation of the factual and procedural background of the case set forth in the R&R,[10] but rejects the recommendation that the Motion to Compel Arbitration be granted. In light of *S.K.A.V.*, the Court sustains the objection to the R&R and denies the Motion to Compel Arbitration in its entirety.

THUS DONE in Chambers on this 19th day of December, 2024.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[5] 103 F.4th 1121 (5th Cir. 2024).
[6] *Id.* at 1122.
[7] ECF No. 36 at 4.
[8] *See also S.K.A.V.* at 1125.
[9] *See* 5th Cir. R. 47.5.4 (generally, unpublished opinions "are not precedent"). The Court notes that although the *S.K.A.V.* decision issued on June 5, 2024, the court withheld mandate pending resolution of a motion for rehearing en banc. The motion for rehearing was ultimately denied on November 19, 2024, and mandate issued on November 27, 2024. In the interim, on October 25, 2024, the Louisiana Supreme Court issued an opinion addressing the same question, which was certified to it by the U.S. District Court for the Western District of Louisiana, Lake Charles Division. Like the Fifth Circuit in *S.K.A.V.*, the Louisiana Supreme Court held that La. R.S. § 22:868 bars arbitration clauses in surplus line insurance policies. *Police Jury of Calcasieu Parish v. Indian Harbor Ins. Co.*, -- So.3d --, 2024-00449 (La. 10/25/24), *reh'g denied*, 2024-00449 (La. 12/12/24).
[10] ECF No. 34 at 1–2.